[Sunbury, June 26, 1829.]

## FRICK *against* PATTON.

### CERTIORARI.

A *Certiorari* does not lie to a justice of the peace, to remove proceedings had
   before him, under the act of assembly of the 13th of *April*, 1807, in relation
   to stray cattle.

   *Robert Patton* had instituted proceedings before *William
Nesbit*, Esq., a justice of the peace of *Northumberland* county,
under the act of assembly of the 13th of *April*, 1807, to reco-
ver damages for an injury asserted to have been done to his pre-
mises by stray cattle.  The proceedings before the justice were con-
ceived by the defendant, *Henry Frick*, to be erroneous, and he took
out a *Certiorari*, to remove them to this court.

   *Marr*, on behalf of the defendant below, now moved to quash the
writ, on the ground, that this court had no jurisdiction, and referred
to the twenty-fourth section of the act of assembly of the 20th of
*March*, 1810.  *Purd. Dig.* 459.

   *J. Hepburn*, *contra*, cited, *The Commonwealth* v. *Fourteen
Hogs*, 10 *Serg. & Rawle*, 393.   *M'Call* v. *Lenox*, 9 *Serg. &
Rawle*, 302.

   PER CURIAM.—The prohibitory section of the act of assembly of
1810, is as general as words can make it.   "No writ of *Certiorari*

(Frick *v.* Patton.)

issued out of the Supreme Court, to any justice of the peace in any *civil suit, or action,* shall be available to remove the proceedings had before such justice." What is the nature of the proceeding in the case of strays? It is a species of attachment to compel the owner to appear and make satisfaction for trespass committed by his cattle; and, after appearance had, if satisfaction be not tendered and accepted, the proceeding assumes the ordinary form of an action *inter partes,* the justice giving judgment according to the limit of his jurisdiction, and issuing execution for the damages, and the defendant having the benefit of stay of execution and appeal, as in other cases. The case of the *Fourteen Hogs,* 10 *Serg. & Rawle,* 393, which is cited in support of the writ, passed, as to the present question, *sub silentio;* and, *M'Call* v. *Lenox,* 9 *Serg. & Rawle,* 302, was the case of an inquisition before *two* justices; in which respect, it is essentially different from the case at bar, which falls within both the letter and the spirit of the prohibition.

*Certiorari* quashed.