## Johnston *against* Meeker.

A constable against whom a judgment has been rendered for neglect of duty in not returning an execution, is not entitled to an appeal under the act of March 21, 1810.*

ERROR to the common pleas of *Allegheny* county.

Correy Meeker, for the use of A. L. Wade, against James Johnston.

A *scire facias* was issued by Leonard S. Johns, Esq., alderman of the city of Pittsburgh, against James Johnston, as a constable, for not executing, as was alleged, an execution issued by the said alderman, at the suit of Correy Meeker, for the use of A. L. Wade. Judgment was given against the defendant, in the sum of 81 dollars and 63 cents, and 94 cents costs of suit. The defendant appealed. March 30, 1839, a rule to show cause why the appeal should not be quashed was granted. May 27, 1839, this rule was argued, and made absolute. The error assigned was, that the court erred in refusing to the defendant the right of appeal.

*Dunlop*, in support of the appeal, cited 4 *Serg. & Rawle* 190; 6

* But see the act of October 13, 1840, section twelve, since passed, which provides for the right of appeal by constables under such circumstances.

[Johnston v. Meeker.]

*Serg. & Rawle* 190; the twelfth, fourteenth and nineteenth sections of the act of assembly of March 20, 1810.

. *Robb*, against the appeal, cited 3 *Peters* 446; 1 *Miles* 210; 1 *Ashmead* 22; 2 *Watts* 341; 1 *Binn.* 416; 3 *Serg. & Rawle* 93; 4 *Serg. & Rawle* 73; 15 *Serg. & Rawle* 75.

The opinion of the court was delivered by ˍ

SERGEANT, J.—It seems to us manifest, on examining the provisions of the act of March 20, 1810, that the legislature did not intend that the constable against whom judgment should be rendered for neglect of duty, in reference to an execution placed in his hands, should be allowed an appeal to the court of common pleas. It is so far from being expressly given, as in ordinary cases, that the provisions on the subject go to prohibit it. By the twelfth section it is enacted, that the constable *shall not be discharged* but by producing the receipt of the plaintiff, or some other sufficient return— and that, on a summons against him, the justice shall enter judgment, on which there *shall be no stay of execution.* An appeal operates as a stay of execution, and would, therefore, be in the face of this enactment. The section goes on to say, that on appearance of the plaintiff or his agent, the justice *shall issue execution* against him for the amount of the judgment, and makes it *the duty* of the person receiving the same to execute it. The nineteenth section recognizes this interpretation of the twelfth section, for it authorizes suits by *scire facias* against the sureties of the constable, "in the manner that constables are now suable, saving only the right of appeal." This saving would be nugatory, if the right of appeal existed in suits against constables.

There are strong reasons of public policy which probably occasioned this strictness. The object was, by the fear of this summary proceeding, to make constables more faithful and vigilant in the discharge of their duty, and to take away the temptations that delays might hold out to them to neglect their official duty, or to withhold the moneys of suitors. The proceeding adopted in regard to them was, therefore, in the nature of an execution, and the design was to compel a prompt paying over of moneys received. In the cases of sheriffs and other officers, to whom a court directs its process, the summary proceeding by attachment has been provided for the same purpose, and with a similar object, and it has been found necessary to deprive the officer of a trial by jury, in order to effectuate justice, and to enforce a discharge of duty. The summary proceeding before a justice, under the act of 1810, is somewhat analogous to this proceeding.

Judgment affirmed.