## Evans *against* Boggs.

If a constable, by reason of negligence, becomes liable for the amount of an execution placed in his hands, the issuing of a subsequent execution is not a relinquishment by the plaintiff of his right to recover from the constable.

In an action against a constable founded upon negligence in not returning an execution, it is competent for the defendant to prove, that the judgment was paid before the execution issued.

ERROR to the Common Pleas of *Butler* county.

Thomas Evans against Samuel D. Boggs. This was an action against a constable to recover the amount of an execution which had been placed in his hands, and to which he had made no legal return. The defendant relied upon two grounds of defence.

1. That the judgment was paid to the plaintiff before the execution issued.

2. That after the return day of the execution, the plaintiff issued *another*, which was a waiver by him of his right to resort to the defendant.

Both grounds were sustained by the evidence; and the court below was of opinion that both were tenable in law, and directed a verdict for the defendant.

*Purviance,* for plaintiff in error, argued that in such case it was not competent for the defendant, who was charged with negligence in the discharge of his official duty, to enter into the merits of the plaintiff's right to recover his judgment from the original defendant.

The court will not construe the act of taking out another execution to be a waiver, inasmuch as it was for the defendant's benefit.

*Smith,* for defendant in error. If the plaintiff was not injured by the defendant's negligence, he can have no right of action against him. If the debt was paid, no injury resulted to the plaintiff from not collecting it a second time.

The opinion of the Court was delivered by

SERGEANT, J.—The issuing of a new execution by the plaintiff was not a waiver of his resort to the constable, if the latter had been fixed for the debt, as was decided recently by this court in the case of a sheriff, *Myers* v. *Commonwealth,* (*ante* 60). On the other point, however, the instruction of the court was right. Several cases have decided that the constable, notwithstanding he

II. — U

[Evans v. Boggs.]

has failed to comply with the injunctions of the first part of the 12th section of the Act of 1810, may, under the latter part of the same section, show that there was " sufficient cause" for his not doing so.   It may be shown by the constable that the plaintiff had no right to issue the execution, having already received the debt, or levied it by a prior execution, and this exempts the officer from liability to the plaintiff.   Such process, it is true, is not absolutely null and void, but it is one which is unwarrantable and improper, and which the plaintiff ought not to be permitted to derive an advantage from, as against any person whatever.

Judgment affirmed.