## Sott *against* Kelso.

In a *scire facias* against a constable to recover the amount of an execution put into his hands, the plaintiff is entitled to an appeal from the judgment of the justice of the peace.

ERROR to the Common Pleas of *Jefferson* county.

Henry Sott against William Kelso. This was a *scire facias* against the defendant as constable, to recover the amount of an execution put into his hands at the suit of the plaintiff against John Cooper for $86.12. Upon the trial before the justice a judgment was rendered for the defendant, from which the plaintiff appealed to the Common Pleas, where the cause was tried, and a verdict rendered for the plaintiff for $86.75. On a motion in arrest of judgment, the question was argued, whether the plaintiff in such case had a right to appeal from the judgment of the justice. The court below was of opinion that he had not, and arrested the judgment.

*Banks*, for plaintiff in error, referred to the Act of 13th of October 1840, giving the right of appeal in such cases to the defendant : the right ought to be reciprocal.

*Heath, contra.* By the Act of 1810, the defendant had not the right of appeal. 10 *Watts* 403. It would follow, therefore, that the plaintiff would not have that right; and by the Act of 13th of October 1840, the right of appeal is given to the defendant only.

PER CURIAM.—An appeal by the constable when *Johnston* v. *Meeker* was decided, would not have consisted with the summary provisions of the Act of 1810, which, denying him the usual stay, subjected him to instant execution. But no such impediment was in the way of an appeal by the plaintiff, which, had the case occurred, could have been disallowed, if at all, only for want of reciprocity. But an appeal has been provided by the Act of 1840, even for the constable; and the principle of reciprocity now operates the other way. The proceeding is an action, and there is no reason to refuse to either party the appeal allowed in other cases.

Judgment for plaintiff.