## Keller *against* Clarke.

The mere omission of a constable to return his execution within twenty days
does not fix him for the amount of the debt, if he have sufficient reason for the
delay.

ERROR to the Common Pleas of *Somerset* county.

George A. Clarke & Co. against Simon Keller. The plaintiff
having obtained a judgment before a justice on the 29th March
1842, issued an execution thereupon and put it into the hands of
the defendant, who was a constable. On the 18th April, which
was the return day of the execution, the constable arrested the
defendant, who gave bond and was discharged under the Insolvent
Law. On the 19th April the constable returned his execution
with the prothonotary's discharge of the defendant. Upon this
state of facts the court below was of opinion that the plaintiff was
entitled to recover the amount of his debt from the defendant,
because he had not returned his execution within twenty days:
and so instructed the jury, who rendered a verdict accordingly.

*Cox*, for the plaintiff in error.

The opinion of the Court was delivered by

Huston, J.—The 12th section of the Act of 26th March 1810
directs the justice, on the delivery of an execution to a constable,
to state an account on his docket of the debt, interest and costs,
"from which the said constable shall not be discharged but by
producing to the justice on or before the return day of the execu-
tion, the receipt of the plaintiff, or such other return as may be
*sufficient* in law." After showing how process may go against a
constable in default, it directs what shall be done at the hearing:
it says "if the constable refuses, on the day mentioned in the
summons, or *does not show sufficient cause* why execution should
not issue against him, then the justice shall enter judgment," &c.

In this case, before us on the paper-book no evidence was
received, because, if received, it would not have availed the de-
fendant. Judging from the expressions of the Judge, an omission

[Keller v. Clarke.]

to make return is an incurable default, which nothing will excuse; it has the effect, in all cases and under all circumstances, of fixing the constable for debt and costs. The law is not so. The important part of the constable's duty is to levy the debt of defendant's goods, or, if no goods, to imprison the body; and this last has been found so useless to the plaintiff, and oppressive to the debtor, that it is abolished. If the constable has performed this duty, it is important that he shall pay the money levied. Hence the law requires a return of his execution; but if he has already paid it to the plaintiff, it is not a great crime to omit his return for a day or two. If the plaintiff would ask a summons for the constable in such case, and no justice of the peace has a right to issue one until it is asked, and seek to recover his debt a second time, no principle of law or justice will permit it. In 2 *Watts & Serg.* 229, this is expressly decided by this court; and it is there said; "several cases have decided that the constable, notwithstanding he has failed to comply with the first part of the 12th section of the Act of 1810, may show, under the latter part of the same section, that there was 'sufficient cause' for his not doing so." It would not be difficult to state many reasons which would be a sufficient excuse; especially where the constable has done all that he was bound to do. In this case he had arrested the defendant and carried him to the county town, and would have imprisoned him, had not the prothonotary or a Judge taken him out of the constable's custody. The plaintiff had no cause of complaint against the constable; and even that it was a very inclement day, or that he could not go to the house of the justice and home without riding until midnight, was sufficient cause, in such a case as this. Let it be understood that I do not speak of a case of wilful neglect of duty—of a case in which, if the plaintiff had known the facts, he could have secured his debt; but of a case where the constable has done all he could do—all that the plaintiff or the law required of him. If the constable neglects to return his execution, and the plaintiff demands and obtains a summons for him, the constable must pay the cost of that summons, unless in a clear case. But where the execution is returned before any process against him, there is no law nor reason why he should pay the debt of another man, unless he has omitted something which his duty required.

The execution is to be returned on or before the day mentioned in it, and if the constable has received the money or put the defendant in prison before the return day, he may make his return before that day; but where he has to take the body in default of goods, what would the Judge say to a constable who returned his execution before the day, and, in going home, met the defendant, and could have arrested him? Or, what would he have said if the constable had returned that he saw the defendant on the last day, but did not arrest him, because he had not time to take him

[Keller v. Clarke.]

to prison and return to the justice's that day? The case of an escape on a *ca. sa.* is strict, and often hard law; in all other cases a sheriff is not liable for the debt and costs, unless for neglect of something more important than the omission to return his writ on the proper day. If a constable has done or omitted to do any act which injures the plaintiff, let him answer for it; but it is not every case of omitting to return an execution on the day which subjects him to payment of debt and costs. The law saves him, where there is sufficient cause.

Judgment reversed, and a *venire de novo* awarded.