## Levi M. Pollock, Agent of R. H. Pollock, *v.* Joseph K. Ingram, Appellant.

*Public officers—Constable's liability for false return—Act of 1772.*

Where a constable, after he had a sufficient levy and had accepted a sufficient bond of indemnity, abandons his levy and returns his writ, he is neither justified by his writ nor protected by the Act of March 21, 1772, 1 Sm. L. 364. The object of the sixth section of the act of 1772 was to protect constables and inferior officers from suffering injury for acts done strictly in obedience to their warrants, by reason of irregularity or for want of jurisdiction in the magistrate.

Argued Nov. 18, 1897. Appeal, No. 76, Oct. T., 1897, by defendant, from judgment of C. P. Chester Co., Aug. T., 1896, No. 46, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Appeal from judgment of a justice of the peace. Before HEMPHILL, J.

It appears from the record that this was an action in assumpsit against Joseph K. Ingram, a constable under the Act of March 20, 1810, 5 Sm. L. 161, to recover for a false return to an execution placed in his hands.

Verdict and judgment for plaintiff for $85.53. Defendant appealed.

*Errors assigned* were (1) In admitting in evidence the execution issued by the justice, together with the parol statements of the justice as to the proceedings before him and by him, and refusing to require the production of the justice's docket. (2) In

admitting the original execution issued by the justice in favor of Levi Pollock, Agent, v. William Ross Cameron on the $78.72 judgment, together with the several indorsements on the paper, because it was not a record or any part of the record of the justice's court. (3) In refusing to admit evidence to show that the defendant constable was not the nearest constable to the justice, nor the one most convenient to the justice, nor the constable of the township in which the justice exercised his official functions. (4) In refusing to permit the defendant constable to testify concerning the declaration of Justice CAMPBELL when he gave him the execution. (5) In refusing to permit the defendant constable to testify as to any parol instructions given to him by the justice when he handed him the execution. (6) In refusing to permit the defendant constable to testify concerning the directions given him by the plaintiff about the removal of defendant's personal property from the farm occupied by defendant. (7) In rejecting evidence of the assessed valuation of the real estate of Samuel A. Grayson, one of the sureties upon the bond tendered to the defendant constable. (8) In rejecting evidence to show that W. Ross Cameron, the defendant in the Pollock execution, was not possessed of any property and at no time could the defendant constable have made the money on the execution. (9) In refusing to admit in evidence, the affidavits claiming ownership of the personal property which had been filed with the defendant constable. (10) In its disaffirmance and answer to defendant's first point: "A constable is not liable to a suit under the act of March 20, 1810, for failure to make return of an execution on or before the return day where he is not the constable of the ward, district or township in which defendant in the execution resided, nor the next constable most convenient to the defendant, and upon the evidence in this case your verdict must be for the defendant." (11) In disaffirming defendant's third point: "It was the duty of the plaintiff to have furnished to the constable a bond duly dated, filled up, signed and witnessed, and if the bond tendered failed in any of these particulars, it was not a sufficient bond of indemnity, and the constable was justified in declining it, and your verdict should be for the defendant." (12) In disaffirming defendant's fourth point: "If the jury believe that no demand was made upon the defendant by the plaintiff prior to suit brought or

notice or demand given or made by the plaintiff to the defendant prior to suit brought, pursuant to the provisions of the act of assembly, the plaintiff cannot recover, and your verdict must be for the defendant." (13) In disaffirming defendant's first (additional) point: "If the jury believe that the defendant was advised by Theodore K. Stubbs, his counsel, that the bond offered by Pollock was not a legal bond and would not protect him against loss, and that his rejection of such bond was pursuant to advice of his counsel, and his return of the execution was made pursuant to the advice of his counsel, the defendant is not liable in this action, and your verdict must be for the defendant." (14) In disaffirming defendant's fourth (additional) point: "The defendant was justified in declining the bond tendered to him in the condition in which it was, and your verdict must be for the defendant."

*Chas. H. Pennypacker*, for appellant.—A penal statute is the foundation of this suit. The act fixes both the liability and the measure of it. So that all its terms must be strictly complied with and strictly construed, and should not be extended by implication. The very point raised at the inception of this case has been decided by Judge SCHUYLER in Bachman & Co. v. Fenstermacher, 2 C. C. R. 499; s. c., 112 Pa. 331.

Penal statutes must be strictly construed and never extended by implication: Com. v. Wells, 1 Cent. Rep. 232; Com. v. Lentz, 106 Pa. 643.

The docket of the justice is the best proof of the procedure. The entries therein show what has been done: Climenson v. Climenson, 163 Pa. 451.

The court below was in error in refusing to admit the declarations of the justice made to constable Ingram when he gave him the execution. Declarations accompanying the act are evidence of the part of the res gestæ: Woodwell v. Brown, 44 Pa. 121.

This action was brought without any demand or notice, as required by the act of March 21, 1772. Such an action was within the purview of the act: Com. v. Warfel, 157 Pa. 444.

The evidence shows that the bond was not signed on the day it bears date; that the names of the sureties do not appear in the body of the bond and it was not, therefore, a sufficient bond: Keener v. Crago, 81* Pa. 166.

*Thomas W. Pierce,* with him *S. D. Ramsey,* for appellee.—
The courts have also held that when process has been executed,
the power of the magistrate to select the officer cannot be at-
tacked collaterally, for that is a matter in which he has a right
to consult his judgment and convenience: Com. v. Lentz, 106
Pa. 643.

Upon being indemnified a constable must proceed with an
execution on penalty of being liable for a false return: Corson
v. Hunt, 14 Pa. 510; Meeker v. Sutton, 2 Phila. 288.

A voluntary acceptance by a constable of an execution and
acting thereunder, places him in the same position and renders
him liable in like manner, as if there was an obligation imposed
upon him to receive the writ: Com. v. Lentz, 106 Pa. 643.

A penal statute is not to be so strictly construed as to en-
tirely defeat its object: Bartolett v. Achey, 38 Pa. 273.

The case was not within the intendment of the act of 1772.
The act of 1810 under which this suit was brought directs the
method of procedure under it, and makes no provision for notice
except by the summons. The matter covered by the sixth,
eighth and ninth assignments of error was properly ruled upon
by the court as irrelevant: Bachman v. Fenstermacher, 112
Pa. 331.

OPINION BY ORLADY, J., February 19, 1898:

The plaintiff secured a judgment for $78.72, before a justice
of the peace, against one Cameron, and caused an execution to
be issued thereon, which was directed to the defendant, as a
constable, who levied upon and took into his possession certain
personal property. A claim of ownership was made to the
property levied upon by persons not named in the writ, and the
constable demanded a bond of indemnity, which was furnished
by the plaintiff. A few days afterward a controversy arose as
to its sufficiency, and four days after the writ was issued the
constable made return of it into the office of the justice, indorsed,
"Levied upon and not sold for want of sufficient indemnity,
goods levied upon being claimed by Geo. W. Campbell and
M. Ella Cameron who have filed affidavits in proof of their
claims."

This suit was then instituted before a justice of the peace,
under the 12th section of the Act of Assembly March 20, 1810,

5 Sm. L. 161, to show cause why execution should not issue against the constable "for the amount of the debt, interest and costs of an execution in his hands to which he made a false and insufficient return " and a recovery was had against him.

On the trial of an appeal to the common pleas, a verdict was had against the constable, and the record is brought into this court for review.

The writ of execution was received in evidence under objection to show the amount of the plaintiff's claim. This did the defendant no harm, and the grade of proof was as high as the docket of the justice. The act of 1810 directs that "in the delivery of the execution to any constable, an account shall be stated in the docket of the justice, and also on the back of the execution, of the debt, interest and costs, from which the constable shall not be discharged, but by producing to the justice, on or before the return day of the execution, the receipt of the plaintiff or other return as may be sufficient in law."

In making the levy, the constable undertook the execution of the writ, and on it he made his return. This action against him was for his alleged default after he had accepted the writ, and the amount of the penalty was as certainly fixed by the indorsement on the execution made by the justice as by the one in his docket. The statute required the statement of debt, interest and costs to be on each and both. The officer may not have been strictly the "next" constable, but it does not appear that he was not the most convenient: Commonwealth v. Lentz, 106 Pa. 643. He was within the jurisdiction of the justice, he voluntarily accepted the writ without objection, which made him responsible for a default or neglect in its proper execution. The first, second, third and tenth assignments are overruled.

The instructions or directions given by the justice at the time the execution was accepted by the constable could not in any way affect his liability, as the performance of his duty was measured by the law and not by the oral instructions of the justice. The rights of the plaintiff in an execution are not to be increased or lessened by the uncertain interpretations of a justice of the peace. His control over the writ, as far as its service is concerned, ends with its delivery to the constable.

Whether the defendant in the execution was the legal owner of the property, or what was its assessed value were not mate-

rial as here presented.    The act of 1810 is not merely declaratory of the common law; it goes further and fixes a penalty for a failure to perform a duty; and the penalty is the amount of the execution and costs; neither more, neither less.    It is his failure to make a return, or making a false return, not his inability to make the money in the execution, which is the subject of inquiry.    Hence it is entirely immaterial to show that the defendant had no goods upon which to levy: Bachman v. Fenstermacher, 112 Pa. 331.    The fourth, fifth, sixth, seventh, eighth and ninth assignments are overruled.

The evidence shows that the constable accepted the bond of indemnity and expressed satisfaction as to its form and the sureties at the time it was given.    He cannot afterward set up the alleged defect which is now urged as an excuse for his failure to proceed.    The fact of his accepting or refusing the bond was fairly left to the jury, to wit: " If he was satisfied that the security was sufficient, he cannot use his power arbitrarily and as a mere subterfuge to avoid the acceptance of a bond by saying it was insufficient, when in reality he knew and believed that it was sufficient."    The eleventh, thirteenth and fourteenth assignments are overruled.

The plaintiff's fourth point was " If the jury believe that no demand was made upon the defendant by the plaintiff prior to suit brought, or notice, or demand given or made by the plaintiff to the defendant prior to suit brought, pursuant to the provisions of the act of assembly, the plaintiff cannot recover and your verdict must be for the defendant."

If the act complained of could not have been done in obedience to the commands of the writ, but was necessarily in contempt of it, the production of the writ would not protect the constable, and the case is not within the letter or the spirit of the statute, was held in Lantz v. Lutz, 8 Pa. 405.

In the case before us the process was regular, and such as the justice was authorized to issue.    No action could be sustained against that officer.    But the plaintiff complains that the constable, after he had a sufficient levy and had accepted a sufficient bond of indemnity, abandoned his levy and returned his writ.    If these facts be as alleged and the verdict so determined them, the constable is neither justified by his writ, nor protected by the act of assembly of March 21, 1772.

VOL. VI—36

The injury complained of was that it was not "done in obedience to his warrant" but in defiance of its mandate, and therefore no demand of a copy was required. The object of the sixth section of the act of 1772 was to protect constables and inferior officers from suffering injury for acts done strictly in obedience to their warrants, by reason of irregularity, for want of jurisdiction in the magistrates.

The authorities collated by Judge Lewis in Mollison v. Bowman, 3 Clark Cases, 281 are convincing, and have been adopted by this court in Commonwealth v. Yeisley, 6 Pa. Superior Ct. 273.

In Commonwealth v. Warfel, 157 Pa. 444, the officer acted in obedience to the warrant, but in this the clear direction of the warrant was disregarded and disobeyed.

The judgment is affirmed.