## Palmer et al. v. Phalen.

*Justice of the peace—Summons—Issue of—Constable—Record—Directory requirement—Res judicata—Act of March 20, 1810.*

1. The direction in the Act of March 20, 1810, 5 Sm. Laws, 161, that a summons issued by a justice of the peace shall be issued to the constable of the township where defendant resides or to the next constable most convenient to defendant, is directory and not mandatory.

2. Non-compliance with the act, even if the act were mandatory, is not a ground for reversing the judgment on *certiorari,* unless the error appears affirmatively by the record.

3. On *certiorari* from a judgment of a justice of the peace, the court will not consider as a ground for reversal that a judgment had already been entered on the same cause of action before another magistrate. Such a matter is *de hors* the record.

*Certiorari.* C. P. Washington Co., Feb. T., 1926, No. 30.

*Vernon Hazzard,* for plaintiffs in error.

CUMMINS, J., Feb. 1, 1926.—This case comes before the court upon *certiorari* from a judgment entered by the magistrate upon a claim for wages. In support of the *certiorari* the plaintiffs in error have filed two exceptions to the justice's record.

The first exception is to the effect that the summons issued by the magistrate was not served by the constable nearest or most convenient to the defendant. The plaintiff in error evidently relies on section 2 of the Act of March 20, 1810, 5 Sm. Laws, 161, which provides that in the institution of an action of *assumpsit,* the magistrate's summons shall be "directed to the constable of the township, ward or district where the defendant usually resides or can be found, or to the next constable most convenient to the defendant. . . ." The magistrate's record does not show, and it may be, that the officer to whom the summons in this case was issued was not the "next constable," but it does not appear from the record that he was not the most convenient within the meaning of the act: Pollock *v.* Ingram, 6 Pa. Superior Ct. 556, 560. Furthermore, it has been held rather uniformly by the courts that this provision of the Act of March 20, 1810, is not mandatory, but merely directory: Kans *v.* School District, 26 Pa. C. C. Reps. 276, 279; Clark *v.* Worley, 7 S. & R. 349; Com. *v.* Lentz, 106 Pa. 643; Smith *v.* Schell, 13 S. & R. 336; Gordon *v.* Camp, 3 Pa. 349; Purnell *v.* McBreen, 23 Pa. C. C. Reps. 442, 444; Cooney *v.* Wolf, 20 Dist. R. 37, 38.

The one remaining exception to the magistrate's record complains that a judgment had already been rendered on the same cause of action before another magistrate at the institution of the present suit. This is a matter, however, *dehors* the record. If the matter involved in this cause of action had already been adjudicated before another magistrate, such fact would constitute a good defence, but it is not such a matter as may be considered upon *certiorari:* see Steel *v.* Levy, 282 Pa. 338, 342.

### Decree.

And now, Feb. 1, 1926, for the reasons set forth in the foregoing opinion, exceptions dismissed and judgment of the magistrate affirmed.

From H. D. Hamilton, Washington, Pa.