## Bachman v. Messina

*D. W. Patterson,* for plaintiff.
*B. H. Marks,* for defendant.

ROWLEY, P. J., March 6, 1942.—This matter is before the court upon plaintiff's rule to show cause why defendant's appeal from the judgment of a justice of the peace should not be stricken off.

Plaintiff instituted a proceeding before a justice of the peace to recover from defendant, a constable, for failure of the latter to make a sufficient return upon an execution · theretofore issued by the justice and delivered to said constable against one A. Meizlik and wife in favor of Dr. M. H. Bachman. The proceeding is based upon the Act of March 20, 1810, P. L. 208, sec. 12, 13 PS §82, which provides in substance that, upon failure of a constable to make a sufficient return upon an execution delivered to him by a justice of the peace, the justice shall issue a summons ". . . commanding the said constable to appear . . . and then and there show cause why an execution should not issue against him for the amount of the first above-mentioned execution, and if the said constable either neglects to

appear on the day mentioned in such summons, or does not show sufficient cause why the execution should not issue against him, then the justice shall enter judgment against such constable for the amount of the first above-mentioned execution, together with costs, on which judgment there shall be no stay of execution, and upon application of the plaintiff or his agent, the said justice shall issue an execution against the constable for the amount of such judgment . . ."

Defendant neglected to appear after service upon him of the summons and the justice entered judgment against him. Within the statutory period thereafter, defendant appealed to the court of common pleas from the judgment.

Subsequently plaintiff obtained a rule to show cause why the appeal should not be stricken off "for the reason that plaintiff brought this action to recover a penalty, and said appeal was taken without leave of court and accompanied by a brief statement of the facts and the matters relied on as cause for allowing the appeal as required by section 8, rule 8, of the rules of court".

Section 8 of rule 8 of Common Pleas Court Rules of Mercer County provides as follows:

"Section 8. Suit for penalty. Application for leave to appeal from a judgment in a suit for a penalty before justices of the peace or other courts not of record shall be under oath and shall be accompanied by a brief statement of the facts and the matters relied on as cause for allowing the appeal."

In Johnston v. Meeker, 10 Watts 403, it was ruled that a defendant constable had not the right of appeal in a proceeding under the Act of 1810, supra.

Section 12 of the Act of October 13, 1840, P. L. (1841) 1, 13 PS §84, amending the Act of March 20, 1810, P. L. 208, provides as follows:

"So much of the act [1810] . . . shall not be construed to deprive the constable of the right of appeal to the court of common pleas of the proper county, upon

such conditions and under like limitations, as in the case of other defendants."

In Sott v. Kelso, 4 W. & S. 278, it was declared that the Act of 1840 provided an appeal by the constable in a proceeding instituted under the Act of 1810:

"The proceeding is an action, and there is no reason to refuse to either party the appeal allowed in other cases."

Plaintiff concedes that the Act of 1840 provided for an appeal by the constable, but argues that the instant proceeding is a *suit for a penalty*, and that therefore the appeal must be subject to section 14 of article V of the Constitution, which provides that "In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal . . . upon allowance of the appellate court or judge thereof upon cause shown."

The Act of April 17, 1876, P. L. 29, as last amended by the Act of April 1, 1925, P. L. 98, provides:

". . . and either party may also appeal from the judgment of a magistrate or a court not of record, *in a suit for a penalty*, to the court of common pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown: . . ." (Italics supplied.)

Section 7 of the Act of April 15, 1835, P. L. 291, 42 PS §291, provides:

"The alderman and justices of the peace of every city, incorporated township and borough in this Commonwealth, shall have power to hear and determine all actions of debt for penalty, for the breach of any ordinance, by-law or regulation of such city, township or borough, in the same manner, and subject to the same right of appeal as debts under one hundred dollars, and such actions shall be instituted in the corporate name of such city, township or borough."

In 2 Sadler's Criminal Procedure, sec. 802, it is stated:

"A distinction is to be drawn between summary convictions and those actions authorized for the recovery of penalties as debts are ordinarily recoverable. A summary proceeding before a justice of the peace is in the nature of a criminal prosecution for a public crime or offense. . . .

"Where, however, an offense is created by statute, and on conviction a penalty is imposed, to be recovered by any person suing for the same as debts of like amount are by law recovered, the proceeding should be by summons in debt in the name of the commonwealth for the use of the parties suing, followed by judgment for the penalty, if the evidence establishes the guilt of the accused.

"A proceeding to recover a fine for violation of a borough or city ordinance is not a summary proceeding; it is of a civil nature, and is to be conducted according to the rules applicable to civil suits."

It is conceded that defendant constable has not obtained allowance of appeal by said court.

The basic question now precipitated is whether the proceeding before the justice of the peace was "a suit for a penalty" within the meaning of the Constitution and the act of assembly quoted above.

In Commonwealth, for use of Rogers, v. Bennett, 16 S. & R. 243, suit was brought before a justice of the peace to recover the penalty of 20 dollars imposed by the Act of March 20, 1810, P. L. 208, for failure to serve notice of the time and place of the meeting of arbitrators.

In disposing of the question of defendant's right of appeal from the judgment of the justice of the peace, the Supreme Court adopts language which we think implies the elements of a suit for a penalty. Chief Justice Gibson there said that the act complained of (p. 244) ". . . is without the least smack of criminality whatever. The penalty is imposed not to punish, but to compensate . . . satisfaction for a private injury,

without the smallest cast of an offence against the public."

It must be conceded that in Commonwealth, etc., v. Bennett, the court merely decided that the proceeding was a civil proceeding.

In Commonwealth ex rel. Johnson v. Betts, 76 Pa. 465, Johnson sued for himself as well as for his township to recover a penalty of not less than four nor more than 20 dollars for injuring a drain upon a public highway. The statute divided the penalty between the person suing and the township. The question involved was whether the action was civil or criminal. The Supreme Court held (p. 471):

". . . an action such as this, in the name of the Commonwealth, to recover a penalty for a statutory offence, is not a civil action, . . . It may be so in form, but in its true nature and effect, it is a proceeding for a criminal offence . . ."

In its discussion the court refers to Frick v. Patton, 2 Rawle 20, where it was held that (p. 469) ". . . though a special proceeding under the Act of 13th April 1807, relating to strays, it was clearly a civil action by the party injured for the damage done, and expenses incurred."

This seems too clear for argument.

Spicer v. Rees, 5 Rawle 119, seems to hold that an action for debt to recover a penalty for violation of a city ordinance—the penalty being divided between the person suing and the city—is a civil action.

Commonwealth ex rel. v. Betts, supra, criticizes the opinion in Spicer v. Rees, but nevertheless the former states (470):

"But it is not intended to deny the authority of Spicer v. Rees, that where the action is by a private citizen in debt for a popular penalty, it is such a civil action as may not be removed by certiorari. . . ."

We are aware that the Superior Court in considering the Act of March 20, 1810, P. L. 208, sec. 12, refers to

the proceeding as a suit for a penalty: Pollock v. Ingram, 6 Pa. Superior Ct. 556. In that case the question was whether the defendant constable was permitted to prove that the execution would not have produced the money even if duly served and returned. The court held that such proof was immaterial inasmuch as the statute fixed the penalty recoverable at the amount in the writ of execution which the constable had failed to return. In our opinion, the term "penalty" as used by the Superior Court was employed in the general sense that a judgment in any proceeding is a penalty upon the party adversely affected thereby.

In Delaney v. Brindle, 15 S. & R. 75, the court considered section 12 of the Act of 1810 (p. 76) :

"As between the plaintiff and the constable it is not an amicable action, (although between the original parties it is so,) but it is an adversary suit, and came directly within the provision of the 4th section, which gives the right of appeal within twenty days."

In Bachman et al. v. Fenstermacher, 112 Pa. 331, the Supreme Court discussed section 12 of the Act of 1810, saying (p. 335) :

"The foundation of the action is the wilful neglect of the constable. He can avoid the penalty by performing his duty to return the writ."

We are of the opinion that the term "penalty" was here used in a general sense as in Pollock v. Ingram, supra.

While a suit for a penalty is a civil action in form, we think it may be said to be a criminal proceeding in essence. Such an action has as its sole purpose *punishment* of an individual for an offense against *the public*, as typified by the Commonwealth or borough or township or other municipality.

The instant proceeding is purely a civil action for the sole purpose of compensating an individual.

Our conclusion is, therefore, that the defendant constable was not required to obtain leave of court as a

condition precedent to his appeal, nor was he required to comply with section 8, rule 8, of the Mercer County Common Pleas Court Rules.

*Order*

And now, March 6, 1942, this matter came on for argument upon plaintiff's rule to show cause why defendant's appeal from the judgment of the justice of the peace should not be stricken off, whereupon, after due consideration, it is ordered, adjudged, and decreed that plaintiff's rule be discharged.