## Commonwealth to use *versus* Lentz *et al.*

The Act of March 20, 1810, section 11, provides that execution upon
a judgment rendered by a justice of the peace "shall be directed to the
constable of the ward, district or township where the defendant resides,
or the next constable most convenient to the defendant, commanding
him to levy," &c.

*Held*, that while a constable of a ward other than as above specified
may, if he chooses, accept and execute such an execution directed to
him, he is not obliged to do so, and, in case of his refusal, no action
can be maintained upon his official bond for that cause.

May 22, 1884. Before MERCUR, C. J., GORDON, PAXSON,
TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lancaster county :*
Of January Term, 1884, No. 376.

This was an action of debt by the Commonwealth to the use
of John Black, upon the official bond of George Lentz, con-
stable, and Charles L. Green and R. H. Brubaker, his sureties
on said bond, for refusal by Lentz to accept and execute an
execution issued upon the judgment of an alderman in favor
of John Black against William N. Brady. Plea, nil debet.

On the trial, before PATTERSON, J., the following facts
appeared : John Black, a resident of the Second ward, re-
covered judgment before Alderman Wiley, of the same ward,
against William N. Brady, a resident of the Fifth ward of said
city. Constable George Lentz served the summons in the
case. An execution thereon was issued by the alderman,
directed to George Lentz, constable, which writ the alderman
endorsed : "George Lentz, constable, declined to execute the
said writ, the same having been offered to him. Thereupon
the alderman issued an alias execution, directed to George
Lentz, constable, which writ the alderman endorsed : "Con-
stable says that the defendant has removed from the city of
Lancaster." There was evidence that Lentz had also refused
to execute this alias writ.

Lentz was a constable of the Sixth ward, in the city of
Lancaster. The Fifth ward, in which the defendant resided,
was contiguous to the First, Eighth and Ninth wards, and did
not adjoin the Sixth ward. There was a regular constable
commissioned for the Fifth ward. The alderman testified that
he did not direct the execution to the constable of the Fifth
ward, for the reason that Constable Lentz had served the
summons, and he ought to execute the execution also.

The Court instructed the jury that Lentz not being the
constable of the ward in which the defendant resided, and it
further appearing that he was not the "next constable most

convenient to the defendant," he was not bound to execute the writ of execution, and the court directed a verdict for the defendants.

. Verdict accordingly for the defendants, and judgment thereon. The plaintiff took this writ of error, assigning for error, inter alia, the above instruction of the court.

*Edward Champneys,* for the plaintiff in error.—We contend that the alderman could choose the constable he thought most fit to serve the execution, and was not confined to the constable of the ward where the defendant resided, or of the next ward to him. The words of the Act of 1810 (P. L., 215, § 11) are "or the next constable most convenient to the defendant," and the justice is to be the judge of who is the most convenient constable to execute the writ, whether he is the nearest to the defendant or not: Clark *v.* Worley, 7 S. & R., 349; Smith *v.* Schell, 13 S. & R., 335; Shover *v.* Funk, 5 W. & S., 457. Lentz had served the writ of summons in the case, and he could not afterwards refuse to serve further process. There may often be reasons why the constable of the defendant's ward is not the most fit constable to execute a writ. There is no oppression to the defendant, because the mileage is to be governed by the distance from the office of the justice. The selection of the constable is a matter within the discretion of the alderman.

*J. L. Steinmetz,* for the defendants in error, presented no paper book.

Mr. Justice GORDON delivered the opinion of the court, October 6, 1884.

As the action in this case is against Constable George Lentz and his sureties for damages resulting from his refusal to receive and execute an execution issued by Alderman Wiley, of the second ward of the city of Lancaster, the question does not involve the power of the alderman to direct the writ as he did, but rather the power of the constable to refuse to receive it. That it is not only customary, but lawful, for aldermen and justices of the peace to issue their process to other constables than the one residing in the same ward with the defendant, we do not doubt; neither do we hesitate to say that any constable within the magistrate's jurisdiction who would voluntarily receive such writ would be bound to execute it, and that he, with his sureties, would be responsible for a default or neglect in its proper execution. So, we agree with the dicta as found in Clark *v.* Worley, 7 S. & R., 349, that not only is the constable of the township in which the

defendant resides bound to receive and execute writs issuing from any alderman or justice of the county, but also that a like obligation is imposed upon the constable next most convenient to the residence of such defendant. The Act of Assembly, however, imposes no such duty on any other constables than as above stated. One who is neither next nor most convenient to the defendant cannot be compelled to receive and execute such writ, though directed to him. The constable is a township or ward officer; outside of it he has no jurisdiction, and even his power to execute process beyond his immediate district arises rather from the jurisdiction of the magistrate than from his own. The magistrate's power over the constable, however, is limited. He cannot compel, *ad libitum*, any constable of the county to serve his writs and execute his process. The Act of 1810 gives him such power over only two such officers—the one, elected for the ward in which the defendant resides, and the other, him who may be next or most convenient to such defendant, but he has no such power over a constable not embraced by the above recited provision. So it is all well and proper to say that, where process has been executed, the power of the magistrate to select the officer to serve it cannot be attacked collaterally, for, as was held in Smith v. Schell, 13 S. & R., 336, that is a matter upon which he has a right to consult his own judgment and convenience. This, however, is not in point, for the question is not who may, but who must obey the behest of the justice, and to ascertain this we are compelled to revert to the statute. What, then, in this particular, is the limitation of his power? Whom may he select to execute his civil process? The statute answers: "The constable of the ward, district or township where the defendant resides, or the next constable most convenient to the defendant." In this sentence force, of course, must be given not only to the word "next," but also to the words "most convenient." There may be several districts adjacent to that in which the defendant lives, and to which the word "next" might apply, and in that case the selection of one constable from these several districts may be determined by the question of convenience, of which the magistrate must be the judge. Further, the constables of such districts may, by sickness or absence, be unable to perform the required duty; or they may be disqualified by reason of interest or otherwise, and in these cases convenience or necessity may require the selection of a constable who is not "next to the defendant." But in the case before us, whilst it does appear that Lentz was not the constable of the ward in which the defendant in John Black's writ resided, it does not appear that he was either the next or most convenient con-

[Commonwealth *v.* Lentz.]

stable to that defendant. The proof is to the contrary; for the adjoinders of the fifth ward, in which the defendant in that writ resided, were the ninth and first wards, of neither of which was Lentz the constable. Under these circumstances, we cannot agree to reverse the judgment of the court below. The Act of Assembly certainly does not authorize an alderman to compel any constable of the city or county within his jurisdiction to execute his process, hence, in order to convict a constable of a breach of duty in refusing to accept such process, it must be shown affirmatively that he was the officer upon whom the Act imposed that duty, and this not having been done in the case in hand, neither the defendant nor his sureties can be held for his refusal to do that which he was not bound to do.

The judgment is affirmed.