## Fowler *versus* Eddy.

110   117
199   181

110        117
25 SC  548
25 SC  600

1. The jurisdiction of a justice of the peace under Sec. 20 of the Act of March 20th, 1810, (Purd. Dig., 849), is not to determine how much rent is in arrear to the landlord, but what amount should be deducted from or set off against the landlord's claim for rent.

2. Under this Act, the justice cannot enter any judgment nor issue any process to enforce his decision.

3. It is never too late to attack a judgment for want of jurisdiction.

4. Hilke *v.* Eisenbeis, 8 Outerbridge, 514, followed.

May 11th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *McKean county :* Of January Term 1885, No 88.

This was, in the court below, a certiorari, by Frank Fowler, to review the record of the Recorder of Bradford City, wherein judgment was entered against said Fowler and in favor of G. W. Eddy, for $225.94.

The facts were substantially as follows: Eddy, who had leased certain premises to Fowler, distrained upon the goods of the latter, claiming $241.22 for rent in arrear. Fowler then caused a summons to be issued by the Recorder, who by Act of March 24th, 1877, was given jurisdiction of all causes of action to the amount of $400, that justices and aldermen have to the amount of $100, and who is subject to the same laws, against Eddy so that Fowler's alleged account against Eddy might be defalcated against the rent as provided by the Act of March 20th, 1810, § 20, which reads as follows :

"That the power of justices of the peace shall extend to all cases of rent not exceeding one hundred dollars, so far as to compel the landlord to defalcate or set off the just account of the tenant out of the same, but the landlord may waive further proceedings before the justice and pursue the method of distress in the usual manner, for the balance so settled; but if any landlord shall be convicted, after such waiver, in any court of record, of distraining for and selling more than the amount of such balance and of detaining the surplus in his hands, he shall forfeit to the tenant four times the amount of the sum detained. Provided, That no appeal shall lie in the case of rent, but the remedy by replevin shall remain as heretofore."

Upon the hearing, the Recorder adjudged the amount of rent due to be $225.94. Fowler then sued out a writ of re-

plevin for the goods distrained and subsequently, on May 1st, 1884, Eddy caused an execution to issue against Fowler for the amount adjudged by the Recorder to be due. Fowler then took the writ of certiorari bringing into the Common Pleas the record of the Recorder to which he filed the following objections :—

1. That no judgment was rendered publicly by the Recorder of Bradford City, upon which an execution could legally issue.

2. That the said Recorder had no jurisdiction to enter a judgment and issue an execution in an action to defalcate, under the Act of 1810.

3. That the adjudication of the rent by said Recorder was not publicly done, after hearing the proofs and allegations of the parties, as required by Act of Assembly.

4. That said execution issued to A. H. Weaver, constable, after the service of a writ of replevin upon him and the defendant, G. W. Eddy, the goods replevied and the goods distrained, in the proceedings out of which the said action to defalcate arose, being the same.

The court, OLMSTED, P. J., overruled the foregoing objections and affirmed the proceedings of the Recorder. Fowler then took this writ assigning for error the action of the court in overruling the above objections and in affirming the proceedings of the Recorder.

*McClure* (*Mullin* with him), for the plaintiff in error.—The jurisdiction of justices is only such as is given by statute and should be strictly construed : Taylor *v.* Manderson, 1 Ash., 130 ; Herrigas *v.* McGill, 1 Ash., 152 ; Gould *v.* Crawford, 2 Barr, 89 ; Summeril *v.* Elder, 1 Binn., 106.

The twenty-second section of the Act of March 20th, 1810, increases the jurisdiction of justices of the peace in all cases of rent, to one hundred dollars, " so far as to compel the landlord to defalcate or set off the just account of the tenant out of the same." Thus far it is a re-enactment of the third section of the Act of March 1st, 1799, except as to amount. Then follow the words, " but the landlord may waive further proceedings before the justice, and pursue the method of distress in the usual manner for the balance so settled," and from this language the learned judge of the court below implies the power of the justice to enter a judgment and issue execution thereon. Why, if this power was intended by the legislature to be given to the justice, were the words " the balance so settled " used ? Would not " the judgment so rendered " have been more natural? And why use the limiting words " so far," if it was intended that the justice should have the power,

[Fowler v. Eddy.]

not only to settle the balance, *id est*, "to defalcate or set off the just account of the tenant" out of the landlord's claim for rent, but to proceed to judgment and execution. Either the words "so far" are meaningless and absurd or the words " he may waive further proceedings," etc., are. If the justice can only proceed so far, it is nonsensical to say he can go further. The Act provided that "the remedy by replevin shall remain as heretofore." Under the decision of the lower court the remedy does not remain as heretofore. Heretofore the remedy by replevin permitted the landlord and tenant to try before a jury the question of rent or no rent in arrear, but where the tenant availed himself of the provisions of the twenty-second section of the Act of March 20th, 1810, to procure a settlement of the amount of rent due, the remedy by replevin was by grace of his landlord; if the latter pursued the method of distress the tenant could have his replevin; if he saw fit to issue an execution there remained nothing for the tenant, but to pay.

The Act should be so construed as to preserve the right of trial by jury.

*N. B. Smiley* (*Hastings* with him), for defendant in error. —When a certiorari from the Common Pleas is taken to proceedings before an alderman or a justice of the peace, a writ of error will not lie from the Supreme Court to review the judgment of the Common Pleas: Pennsylvania Pulp & Paper Co. *v.* Stoughton, 10 Out., 458.

The Act of 1810, provides that the landlord "may waive further proceedings before the justice," etc. If the view of the counsel for the plaintiff in error is correct, this clause is meaningless, as there would be nothing he could waive. What was the purpose of the Act? To provide a simple and inexpensive means of settling disputes between landlord and tenant. To hold that it is intended to provide an action, which settles nothing and accomplishes nothing, and does not tend to simplify and lesson litigation, is contrary to the universal policy of law, to prevent multiplicity of suits. What was the old law, prior to the passage of the Act allowing defalcation by tenant? The landlord could levy by landlord's warrant for any amount he saw fit to claim, and the tenant had no remedy but replevin. What was the mischief? That the tenant might be a man of small means and entirely unable to give the necessary bonds and would be therefore completely at the mercy of the landlord. What was the remedy provided? That the tenant could apply to a justice and have the matter settled at trifling cost, and the landlord could only collect the amount so settled by execution or distress, and if he collected

[Fowler *v.* Eddy.]

more by distress he "should forfeit four times" the amount of surplus.

Chief Justice MERCUR delivered the opinion of the Court, Oct. 5th, 1885.

This case arises under section 20 of the Act of the 20th of March, 1810, Purd Dig., 849 pl., 33. The learned judge very correctly said it was of difficult construction. Without the aid of Hilke *v.* Eisenbeis, 8 Out., 514, it is not surprising that he fell into an error. In that case we said the language of this section was indefinite and obscure, and that very little aid was given in its construction by the adjudged cases. After a careful consideration and examination of them, and of the Act, we declared that the main purpose of the limited and restricted jurisdiction given by this section, was not to submit to the justice to find how much rent was in arrear to the landlord, but what amount of the tenant's account should be deducted from, or set off against the rent. We held the section did not direct the justice to enter any judgment, nor did it authorize him to issue any process to enforce his decision. We adhere to that case as giving the correct construction to the statute. It therefore rules this case and shows that the Recorder, whose power was the same as a justice of the peace, had no jurisdiction of the rent in arrear, and was not authorized to enter any judgment therefor.

This judgment being invalid by reason of no jurisdiction in the court which pronounced it, it cannot support the execution issued thereon, and the court erred in not reversing the judgment. It is never too late to attack a judgment for want of jurisdiction. In this case that fact is shown on the face of the record.

The judgment is not within the class of cases in which the judgment of the Common Pleas is final. It is reviewable here on writ of error.

Judgment of the Court of Common Pleas is reversed; the judgment of the Recorder and all subsequent proceedings thereon are reversed and set aside.