# Delaware Mercantile Co. v. Fulton.

A Justice of the Peace issued a summons against defendant, residing some eighteen miles distant, and directed the summons "to the constable of the township on which he resided." It was duly served, and on the day of hearing judgment was given against defendant by default. A transcript was filed, and execution issued. More than twenty days after the judgment a certiorari was taken and the proceedings excepted to on the ground that the Justice had no jurisdiction as the summons was improperly served. Held that the exceptions must be dismissed.

While the Act of March 20, 1810, provides that "the summons shall be directed to the constable of the township, ward or district where the defendant usually resides or can be found, or the constable most convenient to the defendant," it is directory only, and the Justice in his discretion may determine to whom he will direct the summons.

Where the summons is issued to a constable not falling within the terms of the Act, and he undertakes to serve and does serve it, the service is binding on the defendant.

As the Justice had jurisdiction, and the certiorari was not taken within twenty days, the proceedings must be affirmed.

The fact of a sufficient and proper service is shown by the testimony as well as by the sworn return itself, it cannot be contradicted.


CONSTABLE—SUMMONS BY—JURISDICTION.


Certiorari to James W. Shaffer, Justice of the Peace.

C. P. of York County.

Jere S. Black, Esq., for exceptions.

John F. Kell, Esq., contra.

July 8, 1901, STEWART, J.—The suit was brought on Dec. 4th by the plaintiff before James W. Shaffer, a Justice of the Peace of Monaghan Township, and was made returnable on Dec. 10th, at 11 o'clock. The summons was directed to Geo. Bentzel, Constable of Monaghan Township, who made the return thereto as follows: "Dec. 6, 1900, served personally on the defendant, producing to him the original summons and informing him of the contents thereof." This return was made under oath. On Dec. 10th the plaintiff appeared and the defendant did not. The Justice's docket entry is as follows: "Dec. 10th, 1900, 11.30 a. m., Plaintiff appears, and Defendant not appearing, judgment for Plaintiff and against Defendant for $20.00. Interest 8c. and costs of this action." No appeal was taken and on Dec. 31st an execution was issued to the same Constable, who made return as follows: "Jany. 2, 1901, no goods found and no money made." On Jany. 9, 1901, a transcript of judgment was made and forwarded to the plaintiff and by him filed on first day of February, 1901.

An execution was issued on the judgment based on this transcript to No. 43 April Term, 1901, and on February 7th, this writ of certiorari was issued, and on February 15th the execution was stayed by order of the Court pending the proceedings in certiorari.

Delaware Mercantile Co. v. Fulton.

Several exceptions have been filed to this record raising the following questions:

1st. That the Justice had no jurisdiction over the defendant.

2nd. That the defendant had no knowledge that a suit had been instituted against him before the said Justice, or that a judgment had been entered against him before said Justice until the 7th day of February, 1901.

3rd. That it does not appear from the transcript that any evidence was taken before the Justice in support of the plaintiff's claim and that the record does not show what kind of evidence was taken.

4th. That the record as appearing from the transcript is not sufficient to sustain the judgment.

At the argument two additional exceptions were filed with objection.

1st. That the record does not show that the summons was served on the defendant by the Constable of the township, ward or district where defendant usually resides.

2nd. That the summons was not served on the defendant by the Constable of the ward in which he lives, but on the contrary was served by the Constable of Monaghan Township.

Testimony in behalf of both the plaintiff and defendant as to whether or not the summons was served on the defendant and the manner of such service was taken.

The testimony on behalf of the defendant fails to convince me that the service was not properly made. The defendant and one or two witnesses testified that the Constable represented himself as a Constable of Dauphin County. This is denied by the Constable and by witness who was with him at the time of the service.

The defendant was irritated by the attempt to serve the summons on him and repeatedly interrupted the officer in the performance of his duty, and then took the summons in his hand and read it, or partially read it, and threw it on the floor.

The fact of a sufficient and proper service is shown by the testimony as well as by the sworn return itself. This return cannot be contradicted: Bankert v. Senft, 6 York Legal Record 157; Simpson v. Musser, 7 York Legal Record 74.

If, therefore, the constable was the proper officer to serve the summons, the Justice had jurisdiction, not only of the subject matter, but also of the defendant.

It is contended, however, that the constable had no authority to serve the summons. The Justice's office is located in Monaghan township, this county, sixteen or eighteen miles from the City of York. The defendant's residence is in the 12th ward of the City of York, and the constable to whom the summons was directed is the constable of Monaghan township, and is not the "constable of the township, ward or district where the defendant usually resides or can be found, or the constable most convenient to the defendant."

It is contended, therefore, that not being within the description of the officers authorized to serve a summons, the service was illegal and void and did not bind the defendant. Two cases are cited in support of this doctrine, namely, Earl v. Howarth, 8 Dis. Rep. 610, and Insurance Co. v. Keller, 9 Dis. Rep. 61.

In the latter case Judge Endlich holds that such service is not valid and reviews the decisions on the subject with force and ingenuity. Notwithstanding my great respect for Judge Endlich's opinion, I cannot reach the same conclusion, but feel bound by the decision of Smith v. Schell, 13 S. & R. 336.

In this case Chief Justice Tilghman holds the 11th section of the Act of March 20th, 1810, providing for the service of summons is only directory and that the Justice may determine in his discretion to whom he will direct a summons.

In the case of Commonwealth v. Lentz, 106 Pa., 643, the Supreme Court decided that a constable not falling within those prescribed by this Act is not bound to serve an execution. But no case has been cited or found which thus far decides that where the summons is issued to a constable not falling within

Delaware Mercantile Co. v. Fulton.

the terms of the Act of Assembly and who undertakes to serve and does serve it, that the service is not binding on the defendant.

I, therefore, feel obliged to hold that the question is ruled by the decision in Smith v. Schell, supra. The record as well as the testimony shows that defendant had notice of this judgment against him on the second of January, 1901, and having such notice he was obliged to review the same by certiorari in twenty days thereafter.

It is never too late to attack a judgment before a Justice of the Peace, where the Justice did not have jurisdiction either of the subject matter or the parties, Fowler v. Eddy, 110 Pa. 117.

But where he does have jurisdiction, certiorari must be issued within twenty days after the rendition of judgment: Section 21 Act of March 20, 1810, P. & L. Dig. 2612 pl. 157.

The defendant was not present or represented by counsel at the time of the entering of the judgment against him, and did not take out the certiorari within twenty days. He did have notice as stated above of the judgment against him on January 2nd, 1901, and he made no move until 7th of February.

In view of these conclusions the judgment of the Justice must stand, even though it may compel the defendant to pay more money than is justly due. This is because of his laches.

The exceptions are dismissed and proceedings before the Justice are affirmed.

Reported by Arthur N. Green, Esq.,
York, Pa.