## Miller, Appellant, *v.* Fulton.

*Orphans' court—Jurisdiction—Mutual accounts—Statute of limitations.*

The orphans' court has no jurisdiction to adjudicate two items of claims against the estate of a decedent where there were between the decedent and the claimant numerous transactions in which there were mutual obligations requiring an account which could only be adjusted in a court of general equitable jurisdiction. Such an adjudication by the orphans' court of the two claims will not prevent the running of the statute of limitations against the claims.

Argued May 18, 1903. Appeal, No. 89, Jan. T., 1903, from decree of C. P. York Co., Jan. T., 1903, No. 3, dismissing bill in equity in case of Joseph S. Miller v. James C. Fulton, Administrator of A. C. Fulton, deceased. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Bill in equity for an account.

. W. F. BAY STEWART, J., filed the following opinion:

Practically the whole history of this case is contained in Fulton's Appeal, 178 Pa. 78. In the opinion then filed by myself, and published in that case, all matters arising on evidence in this case, except that referring to the Match Company stock, were discussed. The case was reversed upon the question of the admissibility of Dr. Miller's pass book as a book of original entries; but it was then seen that there were difficulties arising out of the case which involved the settlement of the accounts between the plaintiff and the decedent, and which could not be adjusted by a proceeding in the orphans' court. The Supreme Court, through Mr. Justice MITCHELL, said: "The effect of the adjudication is to allow appellee (Dr. Miller) to enforce payment of part of an admittedly unsettled account, and to turn over the other side to another suit for what may be due to him. This cannot be done. The matters are closely interwoven, and were never separated by the parties; they must go together to a common settlement now. The orphans' court could not deal adequately with the whole account, nor can we in this proceeding. None of the items therefore can be allowed separately. . . . It is a case for amicable adjustment by reference to one or more arbitrators to take up the whole account in the same capable manner that the learned auditor took up the part that he thought within his jurisdiction and reach as equitable a result as is now possible. Failing to agree on this, however, the parties must be left to their remedies on the matters as a whole." This opinion was filed October 5, 1895. Subsequently, there was a proceeding in the common pleas in partition of the real estate held by decedent and Miller jointly. The defendants undertook in that proceeding, to claim, out of the proceeds of the sale of real estate sold after proceedings in partition, moneys claimed to have been advanced by decedent toward the improvement of the real estate. This was disallowed in the court below, and an appeal was taken to the Supreme Court. In a per curiam opinion the Supreme Court said: "The settlement of the complicated accounts between the parties cannot be adjusted in this proceeding. Had the suggestion made in the opinion of this court in Fulton's Appeal, 178 Pa. 78, been followed, it is quite probable this litigation would have been ended before now, but as that has not been

done, a bill in equity is perhaps the only available remedy;" Fulton v. Miller, 192 Pa. 60. This opinion was delivered May 24, 1899. After this the same auditor, Daniel K. Trimmer, who had been the auditor before, was again appointed to make distribution of the balance on the account, and reported a distribution to which exceptions were filed. The report was set aside, and again an appeal was taken to the Supreme Court, and on October 11, 1901, the decision was sustained in an opinion delivered by Mr. Justice MITCHELL, in which he stated further: " The parties have been distinctly notified, both by the orphans' court and by this court, that their accounts could not be settled in this proceeding, and that it was a case for amicable reference or a bill in equity. The fact that the appellee's claim has been reduced to two items does not vary the status of the case, for it clearly appears that these items are not separate debts of the decedent which could be proved in the orphans' court, but are parts of numerous transactions in which there were mutual obligations, requiring an account which can only be adjusted in a court of general equity jurisdiction. Notwithstanding this repeated warning, however, the parties have not chosen to regard it. Without going at all into the merits, the appellee is the one technically at fault. He came into court with a claim which could not be adjudicated there, and he was so told and the proper forum pointed out to him. He has refused or neglected to proceed. It is not equitable that he should hold the settlement of the estate in suspense indefinitely:" Fulton's Estate, 200 Pa. 545.

In considering and overruling the demurrer as to the Slate Quarry and Klinedinst claims, I came to the conclusions that these two items had been adjudicated in the orphans' court, and that therefore they had been seated upon the fund, and were consequently not barred by the statute of limitations. A further consideration of this matter has led me to a different conclusion. The authority upon which I relied was Reber's Appeal, 125 Pa. 20, in which it was held " that the adjudication and allowance of a claim in the distribution of a decedent's estate by an auditor, followed by a decree of the orphans' court confirming the auditor's report, is as effective to toll the bar of the statute of limitations as would be a judgment at law, and in such case the statute is inoperative." While proof was sub-

mitted in support of the Slate Quarry and Klinedinst claims sufficient to satisfy the auditor and the court of the receipt of these moneys by the decedent, yet I am of the opinion that the findings of the auditor's report upon that, the subsequent confirmation of them by the orphans' court, and the recognition by the Supreme Court of the correctness of those findings do not amount to an adjudication of these claims in favor of the plaintiff, for the reason that the orphans' court did not have the jurisdiction to determine whether the decedent was indebted to the plaintiff for those amounts of money as separate items. They were still subject to a final settlement and adjudication of all the claims of the plaintiff and the claims of set-off presented by the defendant, and no determination of their validity could be arrived at until all matters in controversy between the plaintiff and the decedent had been finally adjudicated and a balance ascertained in favor of one or the other. This view of the matter was taken by Justice MITCHELL in 178 Pa. 78, when he said: " The auditor, with great ability, showed that two items, the Slate Quarry claim and the Klinedinst claim, were capable of separate statement and settlement, but he could not show that the parties had ever so stated or settled them. On the contrary, the evidence is that they never did so, and there is nothing to enable the court to say that when the whole account is stated the balance due by decedent on those two items may not be offset by a balance due to him on others. The effect of the adjudication is to allow appellee to enforce payment of part of an admittedly unsettled account and to turn over the other side to another suit for what may be due to him. . . . The orphans' court could not deal adequately with the whole account, nor can we in this proceeding. None of the items, therefore, can be allowed separately."

And again in Fulton's Estate, 200 Pa. 545: " The parties have been distinctly notified, both by the orphans' court and by this court that their accounts could not be settled in this proceeding, and that it was a case for amicable reference or a bill in equity. The fact that the appellee's claim has been reduced to two items does not vary the status of the case, for it clearly appeared that these items are not separate debts of the decedent, which could be proved in the orphans' court but are parts of numerous transactions in which there were mutual obligations,

requiring an account which can only be adjusted in a court of general equitable jurisdiction."

I, therefore, conclude that the adjudication in the orphans' court was not such a one as could finally determine the right of the plaintiff to recover the amount of the Slate Quarry and and Klinedinst claims; that they were not seated upon the fund as where a matter, of which the orphans' court has proper jurisdiction and which has been heard and determined in its favor and finally confirmed by the orphans' court, would be; that they are not within the doctrine of Reber's Appeal, 125 Pa. 20.

The trusts averred in the amendment to the bill are not such technical and continuing trusts as are not at all cognizable at law but fall within the proper peculiar and exclusive jurisdiction of courts of chancery, as decided in Lyon v. Marclay, 1 Watts, 271; Finney v. Cochran, 1 W. & S. 112; Fleming v. Culbert, 46 Pa. 498; York's Appeal, 110 Pa. 69; Hostetter v. Hollinger, 117 Pa. 606.

An action for money had and received would no doubt lie for each item: Lyon v. Marclay, and Finney v. Cochran, supra.

This being the case the plaintiff could have brought suit on one or all of the claims in controversy in the common pleas court, the Slate Quarry claim and Klinedinst claim not having been seated upon the trust, for the reason that the orphans' court did not have jurisdiction to determine finally, it follows, therefore, that the statute of limitations applies to all of them. The statute was running at the time of the death of decedent in February, 1892, and this bill was not filed until November 27, 1901, a period of almost ten years after the death of decedent. Even if the matters in controversy between the plaintiff and the decedent could be considered as matters of partnership, which is not averred in the bill, the statute of limitations would apply since an action to compel an accounting for partnership assets, brought against a surviving partner more than six years after the death of the plaintiff's intestate, is barred by the statute of limitations: Hamilton v. Hamilton, 18 Pa. 20; McKelvy's App., 72 Pa. 409; Everhart's App., 106 Pa. 349; Guldin v. Lorah, 141 Pa. 109.

The decision on the demurrer filed February 24, 1902, over-ruling the demurrer as to the Slate Quarry claim and the

Klinednist claim was, therefore, erroneous, and is now reversed, and the statute of limitations is allowed as against all the claims set up in plaintiff's bill, and the demurrer is sustained as to the whole of plaintiff's bill.

*Error assigned* was decree dismissing bill.

*Edward Chapin,* with him *N. Sargent Ross,* for appellant.

*Richard E. Cochran,* with him *Smyser Williams* and *N. M. Wanner,* for appellee.

PER CURIAM, July 9, 1903:

This decree is affirmed on the opinion of the learned judge below.