## Barringer v. Case

· *Roland Fleer*, for plaintiff.

*John E. Flynn*, of *Smillie & Bean*, for defendant.

KNIGHT, P. J., April 26, 1940.—On September 7, 1939, an automobile driven by plaintiff collided with a motor vehicle driven by defendant, in Lower Merion Township, Montgomery County. Plaintiff is, and was, a resident of Philadelphia County, and defendant is, and was, a resident of Delaware County. Plaintiff brought suit before a justice of the peace, in and for Montgomery County, to recover property damage from defendant.

The transcript informs us that the summons was "Served on defendant by handing a true and attest copy of summons: Act of March 20, 1810; and plaintiff's

affidavit of claim: Act of July 17, 1879; and a copy of itemized bill, to Lottie A. Case, wife of Walter G. Case, personally, at their residence, 200 Strathmere Rd., Brookline, Upper Darby, Pa. . . . so swore George L. Wright, constable of Delaware County, deputized by Walter J. Newlands, constable of Montgomery County, according to Act of July 9, 1901, P. L. 614, sec. 16."

Defendant was not present at the hearing, and judgment was given against him for $56.50 and $14.55 costs. The transcript of the justice does not show that a receipted bill for repairs, supported by an affidavit, was produced by plaintiff and offered in evidence at the hearing. The judgment was removed to this court, whereupon this rule was allowed to show cause why it should not be stricken off.

The reasons pressed by defendant, in support of the rule, are:

There is no authority in the law, which authorized the constable of Montgomery County to deputize a constable of Delaware County to make service of the summons in Delaware County.

The transcript does not show that plaintiff produced a receipted repair bill, sworn to by the party making the repairs, or by his agent.

A constable, in the absence of constitutional authority, cannot act outside of his own district, precinct, or town: 57 C. J. 775, §126. "The constable is a township or ward officer; outside of it he has no jurisdiction, and even his power to execute process beyond his immediate district arises rather from the jurisdiction of the magistrate than from his own": Commonwealth, to use, v. Lentz et al., 106 Pa. 643, 645 (1884).

At common law, a magistrate, in a trespass action, had no jurisdiction over a defendant unless defendant was found in the county and jurisdiction over his person obtained. It follows, that to obtain jurisdiction over a nonresident defendant a special statute was necessary.

When automobiles became of general use, it soon became apparent that these fast and far traveling machines could inflict damage and injury in jurisdictions remote from the jurisdiction in which the operator of the motor vehicle resided. The legislature, therefore, as long ago as 1903 (Act of April 23, 1903, P. L. 268), provided that all civil actions for damages arising from the use and operation of a motor vehicle could be brought in the county in which the alleged damages were sustained, and that service could be made by the sheriff of said county. in person, or by deputization in any part of the Commonwealth. This provision of the Act of 1903, supra, was amended several times, until it finally appeared as section 1208 of the Act of June 22, 1931, P. L. 751, 75 PS §738, which reads:

"All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent; or action may be brought in the court of common pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county. No action involving more than one hundred ($100.00) dollars shall be brought before any magistrate, alderman or justice of the peace."

It will be noted that the above-quoted section provides only for the deputization by the sheriff of the county in which the action is brought. It is the contention of plaintiff, however, that the act offers an alternative method of service; that it could be effected by the sheriff, or it

could have been done "under the existing laws of this Commonwealth". For "existing law" authorizing service of the deputized constable in the present case, counsel for plaintiff relies upon section 1, clause 16, of the Act of July 9, 1901, P. L. 614, 12 PS §318, which provides:

"Writs issued by any magistrate, justice of the peace or alderman shall be served in the county wherein they are issued, by the constable or other officer therein to whom given for service, in the same manner and with like effect as similar writs are served by the sheriff when directed to him by the proper court; and in cases within the jurisdiction of such magistrate, justice of the peace or alderman, a constable or other officer of any county of the Commonwealth, authorized to serve writs therein, may be deputized to make the service, in whole or in part, in cases where the sheriff of another county might be deputized as hereinbefore set forth."

It seems apparent that the legislature in this act did not mean to permit a constable of one county to deputize a constable of another county to serve writs in all cases, but only in those cases "where the sheriff of another county might be deputized as hereinbefore set forth". An examination of the Act of 1901 reveals that deputized service could be made of writs in four cases, which are described in the act, but a summons in trespass was not one of them.

In Williams et ux. v. Meredith, 326 Pa. 570 (1937), it is said in the syllabus:

"In actions in personam the process must be served personally within the jurisdiction of the court in which the action is commenced, unless a statute clearly manifests a different method of service"; and again:

"Service statutes, particularly those authorizing substituted service or service by publication, are to be strictly construed."

A strict construction of section 1, clause 16, of the Act of 1901, supra, would limit substituted service by a constable to those cases in which substituted service by a

sheriff is permitted under the act, and the summons in trespass is not among them.

There is then no statute which clearly permits substituted service by a constable of a summons in trespass issued by a justice of the peace. It follows that the service upon defendant, by a deputized constable in Delaware County, was void, and that the justice of the peace acquired no jurisdiction over the person of defendant by virtue of such alleged service. Having no jurisdiction over the person of defendant, the judgment entered against him by the justice of the peace is likewise void, and should be stricken off.

Having reached the conclusion that the judgment should be stricken off, for the reason above set forth, we deem it unnecessary to discuss or decide whether a verified receipted bill is a jurisdictional requirement under the facts of the present case.

And now, April 26, 1940, the rule to show cause why the judgment in the above-captioned case should not be stricken from the record, and from the judgment index, is made absolute.