Gilbert Estate.

Argued May 22, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Judson E. Ruch,* with him *Arthur Markowitz,* of *Markowitz, Liberant, Wogan & Ruch,* for appellant.

*Spencer D. Wareheim,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 30, 1944:

The decree of the court below must be reversed. An orphans' court does not have jurisdiction in such actions *ex delicto: Locher's Estate (No. 1)*, 219 Pa. 42, 67 A. 953.

Decedent was a cashier of a national bank. A few days after his death a depositor appeared at the bank and presented a certificate of deposit for $7,426.00. He requested a renewal certificate. The certificate so presented had been executed and issued by decedent as cashier. Investigation disclosed puzzling irregularities in the bank's records. On the face of the records the issuance of the certificate created a liability for which there appeared no corresponding asset. Yet, it was conceded that the certificate represented a renewal of a series of prior certificates for the same fund and extending over a period of many years. The situation was complicated by the fact that decedent's immediate predecessor as cashier, under whom decedent had served as assistant, was an admitted defaulter. The testimony does not establish that decedent was guilty of embezzlement. None of the bank's funds was traced to his possession. Nothing appears upon the record to indicate that decedent manipulated bank records in order to hide his own defalcation or that of the former cashier. The auditing judge frankly concedes that the apparent discrepancy in the bank's records and its correction "serves more to confound than to enlighten"; also that the evidence does not show "precisely just when [decedent] committed a defalcation or the exact manner in which he committed it". Despite the fact that there is no direct proof of an actual defalcation by decedent, the learned auditing judge decreed that his estate is liable to the bank for the *loss and damage* because of decedent's malfeasance. He ruled that when decedent issued the certificate of deposit when there was no corresponding asset, he thereby created a liability of the

bank, and for such *wilful and negligent* conduct, decedent's estate is liable to the bank.

The facts in the present case closely parallel those in *Locher's Estate,* supra. In that case the decedent, president of a bank, made unauthorized loans to a partnership of which he was a member, to his son, and to two corporations in which decedent was interested. It was alleged that the parties to whom the loans were made were then insolvent and the security taken insufficient; and that the transactions were a fraud upon the bank and therefore the decedent's estate was liable for the loss. This Court decided that if the decedent had been guilty of tortious or criminal acts, his liability for damages must be first determined in a court of competent jurisdiction, and after damages have been liquidated, and judgment entered on the verdict, it could then be certified to the orphans' court when claimant could participate in distribution; and that such a tortfeasor could not be deprived of his common law right of a trial by jury.

Appellee herein contends, as in the *Locher's Estate,* supra, that the bank has the right to waive the tort and make claim for money had and received, based upon an implied trust or contract. There is no proof that decedent received any money from the bank. The sole basis for the allowance of the claim was decedent's alleged "wilful and negligent conduct" in issuing certificates of deposit thereby creating a liability upon the bank.

Separate orphans' courts were established by Article V, Section 22 of the Constitution of the Commonwealth of Pennsylvania of 1874; Purdon's Penna. Statutes Annotated, p. 341. That section and article provides that an orphans' court *"shall exercise all the jurisdiction and powers now vested in or which may hereafter be conferred upon* [it]." By the Act of May 19, 1874, P. L. 206, section 1, 20 PS, section 2081, the legislature enacted that orphans' courts were courts of record. The legis-

lature thereafter passed various acts conferring and defining the jurisdiction of the orphans' court. Such statutory enactments were codified in the Orphans' Court Act of June 7, 1917, P. L. 363, section 1, 20 PS, section 2082 and its supplements. Apart, now, from constitutional limitations, no statute has been passed conferring jurisdiction upon the orphans' court to determine liability for the tort upon which the claim is based. Section 9(e) of the Orphans' Court Act of 1917, supra, confers jurisdiction upon the orphans' court concerning *"The distribution of the assets and surplusage of the estates of decedents among creditors and others interested."* Such language merely re-enacts the provisions of prior statutes. As was pointed out in *Locher's Estate,* supra, the plaintiff in an action *ex delicto* against the estate of a decedent is not a *creditor* until such status is established by obtaining a judgment on a verdict rendered by a jury in a court of competent jurisdiction. We are not unmindful of the Act of July 1, 1937, P. L. 2665, which authorizes the orphans' court to conduct jury trials "to determine issues awarded by it." But this Act does not *confer jurisdiction* upon the orphans' court in such actions *ex delicto.*

We note that the question of jurisdiction was not presented to the auditing judge in the court below and we are therefore deprived of the research and views of the able court below. We must, however, consider it. *Magel v. Springs,* 338 Pa. 452, 12 A. 2d 558; *McCoach v. Philadelphia,* 273 Pa. 317, 117 A. 71; *Pantall v. Dickey,* 123 Pa. 431, 16 A. 789; *Musselman's Appeal,* 101 Pa. 165; *Fowler v. Eddy,* 110 Pa. 117, 1 A. 789; *Simpson's Estate,* 253 Pa. 217, 98 A. 35.

The decree of the court below is reversed. The record is remitted to the court below, without prejudice to the right of the appellee, as claimant, to require suspension of distribution, for a reasonable period, to enable it to present its claim before a court of competent jurisdiction. Costs to be paid by appellee.