## Hornsey v. Jacono

*C. Norwood Wheery* and *Albert E. Holl, Jr.*, for plaintiff.

*Paul C. VanDyke*, for defendant.

TOAL, J., July 29, 1957.—This is an action in trespass to recover property damage to an automobile resulting from an accident which took place on March 31, 1953, in the State of Maryland. The action was originally instituted before a magistrate of this county

on June 29, 1956. A judgment was rendered in favor of the plaintiff by the magistrate on August 28, 1956, in the amount of $456.03. Thereafter on December 14, 1956, the judgment was opened by this court and an appeal was allowed nunc pro tunc. A complaint was then filed by plaintiff which in brief set forth that plaintiff and defendant are residents of Delaware County, that decedent Joseph Jacono died on December 15, 1954, at which time, and at all times relative to the action, he was a resident of Delaware County, that due to the negligence of decedent Joseph Jacono in operating a Ford automobile on a highway near Noyes Hill, Md., on March 31, 1953, at or about 12:30 p.m., plaintiff's Chrysler automobile was damaged and that the cost of repairing and replacing said damage was $465.03. It is for this amount plaintiff demands judgment against defendant.

Defendant administratrix filed an answer in the form of new matter wherein she set forth that the action of plaintiff was barred by the statute of limitations and that plaintiff is estopped to prove the alleged claim by the dead man's rule, Evidence Act of May 23, 1887, P. L. 158, 28 PS §322. Plaintiff filed preliminary objections in the nature of a demurrer to defendant's new matter alleging that the new matter does not, on its face, show that plaintiff's claim is barred by the statute of limitations and that defendant was anticipating plaintiff's manner of proof in claiming that plaintiff was estopped to prove his claim by the dead man's rule.

Thereafter, testimony was taken on the preliminary objections to establish that notices of plaintiff's claim were sent to defendant by letter dated June 7, 1955, and to defendant's attorney on July 14, 1955.

After a thorough review of the record and the law, we are of the opinion that the preliminary objections

to the dead man's rule must be sustained but that the preliminary objection to the statute of limitations must be dismissed.

In this case, the averment in new matter that plaintiff is estopped to prove his claim by the dead man's rule is improper. Such an averment is a conclusion of law that cannot be determined from the record or by judicial notice in this case. Proper objections based on said rule should be presented to the court at the time plaintiff has the burden of proving his case.

With regard to dismissing the objection to the averment in new matter that the action is barred by the statute of limitations, the record shows that the cause of action arose in the State of Maryland. When a cause of action has been "fully barred" by the laws of a sister State, such bar shall be a complete defense to an action thereon brought in any of the courts of our Commonwealth under the provisions of the Act of June 26, 1895, P. L. 375, sec. 1, 12 PS §39. Under article 57, sec. 1, of the Annotated Maryland Code, actions such as this one must "be commenced, sued or issued within three years from the time the cause of action accrued". Since the cause of action here accrued on March 31, 1953, but was not commenced until June 29, 1956, it was too late and must be barred.

Although article 57, sec. 4, of the Annotated Maryland Code provides that statute of limitations shall be tolled if a defendant absents himself from that State, such action is not applicable to defendant and defendant's decedent in this case even though they were nonresidents, since defendant's decedent was amenable to substituted service of process under section 106 of the Maryland Motor Vehicle Code. wherein the nonresident user of a Maryland highway appoints the Secretary of State of Maryland to be his lawful attorney upon whom may be served all lawful processes in

any action arising out of a collision or accident involving the said nonresident user. See Karagiannis v. Shaffer, 96 F. Supp. 211; Mangene v. Diamond, 132 F. Supp. 27, affirmed 229 F. 2d 554.

Nor are we of the opinion that the three-year Maryland statute of limitations was tolled, as plaintiff contends, by giving notice of the claim in writing to defendant administratrix and to her counsel. Plaintiff's contention is based on article VI, sec. 614, of the Pennsylvania Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.614, which provides as follows:

"Notice of Claim.—

"(a) Written Notice. Written notice of any claim against a decedent given to the personal representative or his attorney of record before the claim is barred shall toll the statute of limitations."

But the claim of plaintiff in this case arises in trespass and does not fall within the scope of this statute. It is our opinion that only those claims over which the orphans' court has jurisdiction are contemplated by the language of this provision of the Fiduciaries Act.

Furthermore, no one can assert a claim in the distribution of an estate except as a creditor, a legatee or next of kin. (Moore's Estate (No. 1), 211 Pa. 338), and a plaintiff in a trepass action against the estate of a decedent is not a creditor until such status is established by obtaining a judgment on a verdict rendered by a court of competent jurisdiction: Locher's Estate (No. 1), 219 Pa. 42; Gilbert Estate, 350 Pa. 13. Therefore, plaintiff in this case is not a creditor of the estate.

Plaintiff has contended that his claim is not fully barred under the Maryland common law which provides that if a claim is not barred at the time it is filed against an insolvent estate, it does not become barred thereafter during the settlement of the estate and

under the Maryland statute of limitations relating to decedent's estates, Annotated Code of Maryland, 1939, article 57, sec. 8, which provides as follows: "Whenever any person may die indebted and his interest in real estate may be liable to be proceeded against for the payment of his debts by reason of the insufficiency of his personal estate, the operation of this article [Statute of Limitations] both at law and in equity shall be suspended in relation to the heirs and devisees of such debtor for the period of eighteen months from the death of such decedent. . . ." But this Maryland law would only be effective if decedent's estate or decedent's real estate were under the jurisdiction of the Maryland laws. Both decedent's estate and his real estate in this case are under the jurisdiction of the Pennsylvania laws and hence not governed by said Maryland laws.

Therefore we make the following:

### Order

And now, to wit, July 29, 1957, it is ordered and decreed as follows:

1. That plaintiff's preliminary objections to defendant's new matter that the alleged claim of plaintiff is barred by the statute of limitations of the State of Maryland and by the Act of June 26, 1895, P. L. 375, sec. 1, 12 PS §39, be and the same is hereby dismissed.

2. That plaintiff's preliminary objection to defendant's new matter that plaintiff is estopped to prove the alleged claim by the dead man's rule, Evidence Act of May 23, 1887, P. L. 158, 28 PS §322, be and the same is hereby sustained.

3. That plaintiff is allowed 20 days within which to file a reply to defendant's new matter.

4. That an exception is granted to each party for the action taken by the court.