## Rauenzahn v. Nadeau

*G. Clinton Fogwell, Jr.*, for plaintiffs.

*Dallett Hemphill*, for defendant.

KURTZ, J., September 26, 1962.—Defendant has presented a petition to strike a judgment now of record against him in this court upon the transcript of a justice of the peace after hearing held on January 20, 1962, in the amount of $494.55.

When the matter came on for argument, plaintiffs' counsel moved for a continuance and stated to the court that plaintiff, Joseph Paul Rauenzahn, was presently in the military service and for that reason was entitled to the continuance under the provisions of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. 1178, 50 U. S. C. A., Appendix, §501, et seq. Although an answer signed by the coplaintiff has been filed, plaintiffs' counsel told the court when questioned that he had not attempted to discuss the matter with plaintiff named above, nor had he made any attempt

to get in touch with him by mail or otherwise. When asked how plaintiff's rights would be prejudiced through his absence, when the matter to be determined was whether or not the record sustained the judgment attacked, counsel replied that he did not know, since he had not discussed the matter with his client.

Examination of the record indicates that the judgment was entered in this court on February 28, 1962. At the request of plaintiffs' counsel, the prothonotary certified the existence of the judgment to the Secretary of Revenue of this Commonwealth on May 3, 1962, with a view of having defendant's driving privileges suspended pending its payment. It was stated by petitioner's counsel at argument that that suspension had been decreed, and this statement was not denied by opposing counsel, although made in his hearing.

In his petition to strike, petitioner asserts that he did not learn of the entry of the judgment until July of 1962, when the notice of suspension was delivered to him by a State Policeman. He did not attend the hearing at which the judgment was rendered but was, in fact, at that time living in Lewiston, Maine. Although these allegations are denied by the answer filed, we do not believe that proof is necessary in view of the disposition we are here making. The return of the constable recites that the summons was served on defendant by leaving a copy thereof at his dwelling house with a named individual, an adult member of his family, but there is nothing upon the record which indicates where that dwelling house is located nor what the relationship was between defendant and the adult member of the family allegedly served.

The Soldiers' and Sailors' Civil Relief Act provides as follows:

"At any stage thereof any action or proceeding in any court in which a person in military service is in-

volved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person in his behalf, be stayed as provided in this Act . . . unless, in the opinion of the court, the ability of the plaintiff to prosecute the action or the defendant to conduct his defense is not affected by reason of his military service": Act of October 17, 1940, c. 888, §201, 54 Stat. 1181, 50 U. S. C. A., Appendix, §521.

The Supreme Court of the United States has interpreted that act to mean that the absence of one in military service when his rights or liabilities are being adjudged is usually prima facie prejudicial, but a discretion is vested in courts to see that the immunities for which it provides are not put to unworthy uses: Boone v. Lightner, 319 U. S. 561 (1943).

Since the attack upon the instant judgment is based completely upon defects appearing upon the transcript of the justice who rendered it, we believe that the rights of plaintiff in the military service cannot be prejudiced through his absence; to now grant his counsel's application for continuance would result in an unworthy use of the immunities created by the act. Accordingly, we will consider the application to strike and will dispose of it in this plaintiff's absence. One whose operating privileges in this Commonwealth have been suspended as the result of the judgment's entry should not be compelled to wait longer to have its validity determined.

Although defendant has assigned a number of reasons in support of the application, we will consider but one, since we feel that that reason alone is sufficient to strike down the judgment. Complaint is made that upon the transcript of the justice it appears that the summons in trespass was issued on January 2, 1962,

and made returnable January 18, 1962, between the hours of 7 and 8 p.m., and that hearing thereon was held on January 20, 1962, at 8:30 a.m., two days after the return day. The Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 2, provides, in part, as follows:

". . . the said justices are hereby respectively empowered and required, upon complaint being made to any of them . . . to issue a summons, . . . directed to the constable of the township, . . . where the defendant usually resides, . . ., commanding him to cause the said defendant to appear before the said justice on a certain day therein to be expressed, not more than eight, nor less than five days after the date of the summons; . . ."

The summons issued in this case does not conform to the requirements of the act. A summons is invalid if made returnable more than eight days after its date of issue: Gisen v. Conrad, 85 D. & C. 219 (1953).

The invalidity of this summons renders any judgment void which is based upon it. The defect goes to the jurisdiction of the justice: Amdur v. Squirrel Hill Realty Co., 79 Pitts. L. J. 336 (1931); Pantall v. Dickey, 123 Pa. 431 (1889). Want of jurisdiction may be asserted at any time: Romberger v. Romberger, 290 Pa. 454 (1927); Galli's Estate, 340 Pa. 561 (1941); Gilbert Estate, 350 Pa. 13 (1944).

We, therefore, conclude that the justice in the instant case never acquired jurisdiction of the cause of action and, as a consequence, the judgment he entered in it is void and should now be stricken. We enter the following order:

## Order

And now, to wit, September 26, 1962, upon consideration of the petition and rule to strike the judgment entered in the office of the prothonotary of this court on February 28, 1962, in judgment docket W-4, at page 296, in favor of Joseph Paul Rauenzahn and

Yelda Rauenzahn v. Philip Nadeau in the amount of $494.55, the rule is made absolute, and said judgment is hereby declared to be void and of no effect and is stricken from the record.