# Zimmerman Estate (No. 2)

*Charles E. Duncan, W. Irvine Wiest, Harry V. Klein, Jr.,* for exceptants.

*Frank S. Moser,* contra.

PER CURIAM, November 4, 1963.—Roy Zimmerman, Ruth Neighbour, Mary Derk and Michael Nadley, as executors, filed their first and final account in the Estate of Homer Alvin Zimmerman, deceased, on May 8, 1963, showing a balance for distribution in the sum of $77,005.43. Exceptions to the account were filed by Anthracite Mutual Fire Insurance Company and by fire insurance carriers of certain named individuals. Preliminary objections were filed by executors to each exception. These preliminary objections are presently before the court for disposition.

The first three reasons in support of the preliminary objections to each exception are the same. These reasons are: (1) The orphans' court does not have jurisdiction to adjudicate the claim as set out by claimant; (2) the exceptions do not set forth any basis from which the orphans' court may make any provisions for

the disposition or satisfaction of the claim and (3) the exceptions do not state any terms of the insurance policy or subrogation agreement. To the exception filed by the fire insurance carriers for five named insureds, there are three additional reasons, namely: (4) the exceptions do not identify "the fire insurance carriers" so that there is no proper party as exceptant; (5) the exceptions are on behalf of "the fire insurance carriers" indicating more than one party as exceptant without setting forth any community of interest, and (6) the exceptions are verified by Harry V. Klein, Jr., Esq., without any statement of the reason for the affidavit by a nonparty.

The account filed by executors makes no provision for the claims of the fire insurance carriers which are the subjects of these exceptions. However, there is a certificate of the attorneys for executors attached to the account to the effect that a notice of the filing of the account and statement of proposed distribution was mailed to W. Irvine West, Esq., and Harry V. Klein, Jr., Esq., who are the attorneys for the respective exceptants. This would indicate that the exceptants had filed their claims with executors prior to the filing of the account.

Since the exceptions to the account are similar in nature the preliminary objections filed to both exceptions can be considered together. Both of them raise the question of the jurisdiction of the orphans' court to consider these claims.

The exception to the account filed by Anthracite Mutual Fire Insurance Company sets forth that the estate owes $683.48 on a subrogation claim for fire damages to a building at 32 North Market Street, Shamokin, Pa., owned by Florence Turner which was caused by the negligence of decedent and which was the amount that exceptant was compelled to pay to Florence Turner as one of her insurance carriers.

The exception filed by certain fire insurance carriers of owners of properties adjoining that of decedent states that these properties were damaged by fire originating on decedent's property causing a total loss to claimants in the amount of $19,359.52. This exception is not as explicit as the exception of the Anthracite Company in that it does not allege that the loss was occasioned by any negligence on the part of Homer Alvin Zimmerman, except by inference. We can conclude, however, that it is based upon an alleged tort rather than a contract.

It is well settled that an orphans' court does not have jurisdiction to adjudicate a claim against a decedent's estate for a loss to the claimant resulting from decedent's alleged neglect or tort: Gilbert Estate, 350 Pa. 13; Locher's Estate (No. 1), 219 Pa. 42.

In Locher's Estate, supra, it was held that a plaintiff in an action ex delicto against the estate of a decedent is not a creditor until such status is established by obtaining a judgment on a verdict rendered by a jury in a court of competent jurisdiction. Consequently, exceptants must first establish their status as creditors by obtaining a judgment in the court of common pleas. Until that is done, the orphans' court has no jurisdiction to pass upon their claim.

In support of their preliminary objections to both exceptions, the accountants contend that the exceptions do not state any terms of the insurance policy or subrogation agreement. The preliminary objections filed to the exception filed by the "fire insurance carriers" assign as additional reasons in support thereof that the fire insurance carriers are not identified; that the exceptions indicate more than one party as an exceptant without setting forth a community of interest and that there is no reason given as to why the verification of the exceptions was made by Harry V. Klein, Esq. We find merit in these reasons.

This court has held that a claim against the estate of a decedent must be as definite and precise as is required to recover a debt in an action at law: In re Campbell's Estate, 25 Northumb. 101. However, the exceptions do indicate that there is a possible right of action against decedent's estate for damages occasioned by the alleged negligence of decedent. They do involve claims which may or may not become due at a future time. If and when claimants present their claims before a court of competent jurisdiction it will be necessary for them to name parties as well as set forth the basis of their actions ex delicto.

We are of the opinion that it is only equitable that distribution be suspended for a reasonable period of time to enable claimants to present their claims before a court of competent jurisdiction. Section 618 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.618, provides that upon satisfactory proof or admission of a claim which may or may not become due at a future time the court may provide for payment by making such provision for the disposition or satisfaction of the claim as shall be equitable. In Gilbert Estate, supra, while the Supreme Court reversed the decree of the orphans' court on the ground that it lacked jurisdiction to adjudicate the tort claim, it did so without prejudice to the right of the appellee, as claimant, to require suspension of distribution for a reasonable period to enable it to present its claim before the proper court.

While the orphans' court has no power to adjudicate these claims at the present time, nevertheless, under its equitable powers, we are of the opinion that this court should permit executors to distribute the estate but retain sufficient assets to pay the claims, if and when they become absolute. The account shows a balance for distribution of $77,005.43. The claim of the Anthracite Mutual Fire Insurance Company is $683.48

and the claim of the fire insurance carriers of adjoining property owners is $19,359.52, or a total of $20,043. We are of the opinion that executors should reserve the sum of $20,500, which should be sufficient to pay the claims of exceptants and costs of suit if they should obtain judgments in the court of common pleas. Executors can distribute the balance of the assets of the estate.

The causes of action, which exceptants claim that they have, occurred on September 18, 1961, and to date, they have failed to institute actions at law. It is only equitable that they institute such actions, together with their complaints, within a period of 30 days from the filing of the order in this case and if they should neglect to do so, the court will then direct that the fund retained shall be distributed by executors in accordance with the schedule of distribution contained in the account.